UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| NOELLE K. HENSON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL ASTREW, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 15-cv-03205-NJV <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 19, 22 |

Plaintiff Noelle K. Henson seeks judicial review of an administrative law judge ("ALJ") decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. (AR 1-7.) The ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 6, 11.) The court therefore may decide Defendant's Motion for Summary Judgment. For the reasons stated below, the court will grant Defendant's Motion.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108

F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

Plaintiff applied for supplemental security income under Title XVI of the Social Security Act on October 3, 2011, alleging an onset date of disability of May 1, 2009. (AR 188-197, 212.) The agency denied Plaintiff's application initially on April 17, 2012, and on reconsideration on October 29, 2012. (AR 110-114, 121-126.) Plaintiff filed a request for hearing on December 4, 2012, (AR 127-29) and a hearing was held before an ALJ on July 26, 2013. On August 19, 2013, the ALJ issued a hearing decision denying Plaintiff's claims. (AR 30-37.) The Appeals Council denied review on May 12, 2015. (AR 1-7.)

Plaintiff filed this action on July 10, 2015, proceeding pro se. Defendant filed his Answer on November 23, 2015 and the Administrative Transcript was filed November 30, 2015. (Docs. 13, 14.) Pursuant to the Procedural Order in this case, Plaintiff was to serve and file a motion for summary judgment or for remand within 30 days of service of the answer. (Doc. 3.) Plaintiff did not file a motion. On January 12, 2016, Plaintiff filed a Notice of Change of Address. (Doc. 16.) In response, Defendant sent a copy of the Administrative Transcript and Answer to Plaintiff's new address. (Docs. 17, 18.) Plaintiff still failed to file a motion. On March 1, 2016, Defendant filed a Motion for Summary Judgment and a Motion to Dismiss for Lack of Prosecution. (Doc. 19.) Plaintiff failed to timely respond to either of these Motions.

On March 31, 2016, the court entered an order directing Plaintiff to respond to Defendant's Motion for Summary Judgment on or before April 15, 2016. (Doc. 21.) Plaintiff filed a one-page document on April 14, 2016. (Doc. 22.) Defendant filed a Reply on May 18, 2016. (Doc. 23.)

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show

that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.  The ALJ must consider all evidence in the claimant's case record to determine disability (id. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (*id*. § 416.920).  "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."  *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).  Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation.  (AR 30-37.)

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled.  20 C.F.R. § 416.920(b).  If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled.  *Id*.  The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (AR 32.)

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii), (c).  "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'"  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)).  The ALJ found that Plaintiff suffered the following severe impairments: lumbar spine degenerative disc disease, cervical spine degenerative disc disease, bipolar disorder, anxiety disorder, substance abuse, and right shoulder impingement.  (AR 32.)

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404.  *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing.  *Id*.  If the claimant is successful, a disability is presumed and benefits are awarded.  *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *Id*. § 416.920(a)(4)(iv),(e).  Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed

impairments. (AR 32.)

Next, the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit and stand and/or walk for six hours in an eight-hour workday; can frequently climb ladders, ropes, and scaffolds; can frequently stoop; can occasionally reach overhead with her right upper extremity; and is limited to simple, repetitive tasks with occasional contact with the public and coworkers. (AR 33.)

At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 35.)

At Step Five, the ALJ found that Plaintiff is a younger individual, she had at least a high school education, and was able to communicate in English. (AR 36.) The ALJ found that transferability of jobs skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not the claimant has transferable job skills was not at issue. (AR. 36.) Using the Medical-Vocational Guidelines as a framework, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (AR 36.) Accordingly, the ALJ found that Plaintiff had "not been under a disability, as defined in the Social Security Act," through the relevant time period. (AR 37.)

## DISCUSSION

The entirety of Plaintiff's legal argument is as follows:

I am also contesting what was stated in the documents that I have received prior:

It states that I can:

1) Climb scaffolding, ladders, ropes, lift 20 lbs. sometimes and 10 pounds frequently.
    a. This is absolutely untrue, my back injury states very clearly in my medical documents that I am disabled and cannot lift more than 5 lbs infrequently, that I cannot bend, left, stoop, or do any repetitive [sic] of any of the above mentioned.

(Doc. 22.)

The court finds that Plaintiff is alleging that the RFC the ALJ found is inaccurate. Determination of a claimant's RFC is a legal decision which is expressly reserved to the

Commissioner through her delegate, the ALJ. *See* 20 C.F.R. §§ 404.1527(e)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity..., the final responsibility for deciding these issues is reserved to the Commissioner"); 404.1546(c) (identifying the ALJ as responsible for determining RFC). In making the RFC determination, the ALJ takes into account those limitations for which there is record support that does not depend on properly rejected evidence and the claimant's subjective complaints. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (upholding ALJ's residual functional capacity determination because "ALJ took into account those limitations for which there was record support that did not depend on [the claimant]'s subjective complaints"); *Batson v. Commissioner*, 359 F.3d 1190, (9th Cir. 2004) 1197-98 ("ALJ was not required to incorporate evidence from the opinions of [the claimant]'s treating physicians, which were permissibly discounted").

In this case, the ALJ found that Plaintiff had the RFC to perform light work with the ability to lift and carry 20 pounds occasionally and 10 pounds frequently, sit, stand, or walk 6 hours in an 8-hour day, frequently stoop or climb ladders, ropes, and scaffolds, occasionally overhead reaching with the right arm, limited to simple, repetitive tasks with occasional contact with the public and co-workers. (AR. 33). The ALJ based this RFC on the overall record.

The State agency physicians found that Plaintiff's only severe impairments were a spine disorder, an affective disorder and a substance abuse disorder and that she could perform medium work  (AR. 90-91, 103, 105.) Medium work involves lifting up to 50 pounds occasionally and 25 pounds frequently, sitting, walking, or standing 6 hours out of an 8-hour day, with frequent stooping or climbing ladders, ropes, and scaffolds, frequently stoop or climb ladders, ropes, and scaffolds, with moderate limitations in the ability to maintain attention and concentration, and carry out detailed instructions. (AR. 91-93, 105-106.)

The ALJ, however, found that light work was more reasonable in light of the medical evidence. (AR 34.) The ALJ noted that x-rays and MRIs showed a severe back impairment. (AR 34, 313, 374.) Examiners found normal to moderately reduced range of motion in the cervical and lumbar spine, 5/5 strength, some tenderness, and normal gait. (AR 297, 325.) The ALJ further found, however, that due to Plaintiff's lack of candor with her treating physicians and drug-seeking behavior, her allegations of pain were not credible to the degree alleged. (AR 34.) As to

mental limitations, examining psychologist Marion-Isabel Zipperle, PhD., found that Plaintiff could pace herself to complete a normal workday, learn new things, work without special or additional instructions, and could accept instructions from supervisors, with a Global Assessment of Functioning of 75 indicating only transient symptoms. (AR 320-321.) Even here, the ALJ gave Plaintiff the benefit of the doubt by finding that she was limited to simple, repetitive tasks with occasional contact with the public and co-workers. (AR 35.)

The court finds that substantial evidence supports the ALJ's assessment of Plaintiff's RFC. The decision, therefore, must be affirmed. 42 U.S.C. § 405(g); *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012.)

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.

A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: September 15, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge